UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ERIC FLORES,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES ATTORNEY GENERAL and FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendants. | CIV. 15-5026-JLV<br>CIV. 15-5028-JLV<br><br><br>ORDER |

**INTRODUCTION**

Plaintiff, Eric Flores, appearing *pro se*, filed a motion for leave to proceed *in forma pauperis* and a complaint in which he purports to act as a representative party in a class action suit on behalf of "mexican american citizens." (CIV. 15-5026, Dockets 1 & 3; CIV. 15-5028, Dockets 1 & 3). Included in Mr. Flores' second case in this district, CIV. 15-5028, is a motion to the multidistrict litigation panel requesting to transfer the case to the United States District Court for the District of Columbia. (Civ. 15-5028, Docket 4-1).[1]

**DISCUSSION**

Mr. Flores' request for class certification is denied. A *pro se* litigant may bring his own claims in federal court but he may not assert the claims of others

---

[1]The court's review of Mr. Flores' complaint in CIV. 15-5026 and CIV. 15-5028 reveals the complaints are virtually identical. Due to the similarity of the complaints and because Mr. Flores' motion to transfer appears in CIV. 15-5028, all further references to the court's online docket refer to CIV. 15-5028 unless specifically noted otherwise.

as a non-attorney.  See 28 U.S.C. § 1654.  "[A] pro se litigant, especially one untrained in law, cannot fairly and adequately protect the interests of the other class members."  Smith v. LeBlanc, No. Civ. 02-4100 ADMRLE, 2003 WL 23101806, at *2 (D. Minn. Dec. 30, 2003); see also Ziegler v. State of Michigan, 90 F. App'x 808, 810 (6th Cir. 2004) (citing Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("[N]on- attorneys proceeding pro se cannot adequately represent a class."); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (finding a non-attorney may appear *pro se* on his own behalf but may not represent others); 7A Wright, Miller & Kane, Federal Practice and Procedure: Civ. 3d § 1769.1 ("[C]lass representatives cannot appear pro se.").  The court finds Mr. Flores is the sole plaintiff in this case and is proceeding *pro se*.

"[P]ro se complaints are to be construed liberally . . . ."  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (referencing Estelle v. Gamble, 429 U.S. 97, 106 (1976).  "A *pro se* [complaint] should be 'interpreted liberally and . . . should be construed to encompass any allegation stating federal relief.' "  Bracken v. Dormire, 247 F.3d 699, 704 (8th Cir. 2001) (citing White v. Wyrick, 530 F.2d 818, 819 (8th Cir. 1976)).  "Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim."  Thrash v. McDaniel, No. 4:13-cv-00732-KGB, 2014 WL 2462888, at *1 (E.D. Ark. June 2, 2014), aff'd, 578 F. App'x 619 (8th Cir. 2014) (citing Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)).

In light of Mr. Flores' motion to proceed *in forma pauperis* (Docket 3), his complaint is analyzed under the screening procedures set forth in 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides:

> Notwithstanding any filing fee . . . the court shall dismiss the case at any time if the court determines that—
>
> . . .
>
> (B) the action or appeal—
>
>     (i)    is frivolous or malicious;
>
>     (ii)    fails to state a claim on which relief may be granted; or
>
>     (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Subsection (e)(2) allows the court *sua sponte* to review a complaint filed with an *in forma pauperis* application. The court is required to screen a *pro se* complaint as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Mr. Flores characterizes his claims as:

(i) Whether governmental interference with a persons [sic] marriage resulting in separation of that marriage can be constituted [sic] as a constitutional deprivation of the first amendment right to free exercise of religious belief under the domestic legal pretext.

(ii) Whether governmental interference with a persons [sic] communication to the state and federal law enforcement agencies so as to prevent an investigation of a crime committed against that person can be constituted [sic] as a constitutional deprivation of the first amendment right to freedom of speech.

(Docket 1 at p. 4).

The court's review of Mr. Flores' 64-page complaint reveals that his allegations center on the interactions he had with "an organized group of executive employees of the federal government," who directed genetic-code altering satellite transmissions from outer space at Mexican-Americans, namely he and his family members. See, e.g., id. at 8, 14, 15, 22, 24, 26, 30, 36, 45. The court includes one example of Mr. Flores' allegations:

The fact that the organized group of executive employees of the federal government used advanced technology to take physical control of the petitioners grandfather [sic] mental state of mind to compel him into an act of dures [sic] by a calculated procedure to have sexual intercourse without his effective and consent or awareness with another female person other than his wife Celia Flores the mother of all his children constitutes unjustified governmental interference in his first amendment right to free exercise of religious belief to not commit adultery by having sex with another female person other than his wife the mother of all his children.

Id. at 22.

The court finds Mr. Flores' claims are frivolous, fanciful and delusional under 28 U.S.C. § 1915(e)(2)(B)(i) and must be dismissed.  Mr. Flores' complaint must also be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3) as the alleged incidents occurred in Texas, Mr. Flores resides in Texas, the alleged acts of the federal government officials are alleged to have occurred in Texas, and, contrary to Mr. Flores' boilerplate assertions (Docket 1 at p. 5), no facts have been alleged demonstrating any connection with the District of South Dakota.

The court takes judicial notice of the vast number of cases in which Mr. Flores filed this same or a similar complaint in other jurisdictions.  Those pleadings were summarily dismissed as frivolous or failing to state a claim upon which relief can be granted.  On February 4, 2014, Judge Johnson of the District of Wyoming determined:

> [I]t is clear that Eric Flores can be characterized not only as a frequent filer but also as a repeated abuser of the judicial system. He has been especially problematic in the United Stated District Court for the District of Texas where more than 30 cases list him as a plaintiff, some filed as recently as 2014.  He has filed cases in nearly every United States District Court across the country; this Court's further review of a PACER search discloses in excess of 200 cases filed nationwide naming Eric Flores as plaintiff.  There is little that distinguishes [one] case[] . . . from the other."

Flores v. U.S. Attorney Gen., 2:13-cv-00166-ABJ, Docket 3 at p. 4 (Dist. Wyo. Feb. 4, 2014).

More recently, Magistrate Judge John Johnston of the District of Montana found "[i]n April 2015 alone, no fewer than 28 separate federal

courts have been burdened by Mr. Flores'[] almost identical petitions." <u>Flores v. United States Attorney Gen. & Fed. Bureau of Investigation</u>, 6:15-cv-00032-DLC, Docket 5 at p. 3 (Dist. Mont. Apr. 27, 2015).  This court's review of the PACER system confirms the same.  Mr. Flores has a lengthy history of frivolous and vexatious filings, <u>see, e.g.</u>, <u>Flores v. United States Attorney Gen., et al.</u>, No. 1:15-CV-55-SNLJ (Docket 3) (E.D. Mo. Apr. 17, 2015) (collecting cases), and he has filed two virtually identical complaints in this district within a seven-day period.  <u>Compare</u> <u>Flores</u>, CIV. 5-5026-JLV, Docket 1 (filed on April 9, 2015), <u>with</u> <u>Flores</u>, CIV. 15-5028, Docket 1 (filed on April 16, 2015).

**ORDER**

Accordingly, it is

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), Mr. Flores' complaints (CIV. 15-5026, Docket 1; and CIV. 15-5028, Docket 1) are frivolous and are dismissed with prejudice.

IT IS FURTHER ORDERED that Mr. Flores' motions to proceed *in forma pauperis* (CIV. 15-5026, Docket 3; and CIV. 15-5028, Docket 3) are denied as moot.  The court certifies that an appeal *in forma pauperis* would not be taken in good faith for the reasons set forth in the opinion.  <u>See</u> 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that the clerk of court is instructed that any future filings by Eric Flores must first be approved by a district judge.  The

district judge will review the pleading and determine whether the pleading will be allowed.

    Dated June 10, 2015.

                        BY THE COURT:

                        /s/ *Jeffrey L. Viken*
                        JEFFREY L. VIKEN
                        CHIEF JUDGE